KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Juha Kaleva Kivinen, | ) | No. CIV 05-113-TUC-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| John Evans, et al., | ) | |
| Defendants. | ) | |

On February 15, 2005, Plaintiff Juha Kaleva Kivinen, presently confined in the Arizona State Prison Complex-Douglas, filed a pro se Complaint pursuant to 28 U.S.C. § 1331 ("Complaint"). Plaintiff has paid the two hundred fifty dollar ($250.00) filing fee.

Plaintiff filed return of service documents on February 24, 2005. On March 10, 2005, Plaintiff filed a Motion for Default Judgment (Doc. #8).

On March 23, 2005, an Order was inadvertently entered in this case by Judge Collins, after this case had been transferred to the undersigned judge. The Court will vacate this Order.

Motions to Dismiss were filed on March 31, 2005 (Doc. #15) and April 5, 2005 (Doc. #16) by Defendants. Plaintiff filed a second Motion for Default Judgment on June 21, 2005 (Doc. #20). On October 13, 2005, Plaintiff filed a Notice of Default (Doc. #21) and on October 24, 2005, Defendants filed a Motion to Strike Notice of Default (Doc. #23). Plaintiff

filed a third Motion for Default Judgment on November 2, 2005 (Doc. #24).

**Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

**Complaint**

The following are named as Defendants to the Complaint: 1) John Evans, Assistant Attorney General, State of Arizona; 2) Christopher Browning, Pima County Superior Court Judge; 3) Barbara LaWall, Pima County Attorney; 4) Members of Grand Jury issuing Indictment 171-GJ-614 in Pima County Superior Court Case No. CR 20032054; 5) State of Arizona; 6) John Does 1-10,000; 7) Jane Does 1-10,000; and 8) ABC Corporations 1-10,000.

Plaintiff raises numerous claims in his Complaint challenging his indictment and conviction in the Pima County Superior Court for Conspiracy to Assist a Criminal Syndicate, Theft, and Filing a False Document, with a value of $100,000.01 or more. Plaintiff seeks immediate release from prison and money damages.

**Improper Defendants**

Prosecutors are absolutely immune from liability for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-43); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986). Accordingly, Defendants Evans and LaWall must be dismissed for failure to state a claim.

1  Judges are absolutely immune from suits for damages for their judicial acts except
2  when they are taken "in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S.
3  349, 356-357 (1978); Ashelman, 793 F.2d at 1075. An act is "judicial" when it is a function
4  normally performed by a judge and the parties dealt with the judge in his or her judicial
5  capacity. Stump, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir. 1990). In
6  this case, Plaintiff challenges actions taken by the judge presiding over his criminal
7  proceedings. Presiding over a criminal case is a function normally performed by a judge
8  and Plaintiff dealt with the judge named in this suit in his judicial capacity. Plaintiff makes
9  no colorable allegations that the judge named in the Complaint acted outside of his
10 jurisdiction. Accordingly, Defendant Browning must be dismissed from this action for
11 failure to state a claim.

12 Similarly, members of a grand jury are absolutely immune from suit because, like a
13 judge, they must "exercise a discretionary judgment on the basis of evidence presented to
14 them." Imbler, 424 U.S. at 423 n.20. Accordingly, Defendants Members of Grand Jury will
15 be dismissed from this action.

16 Finally, under the Eleventh Amendment to the Constitution of the United States, a
17 state or state agency may not be sued in federal court without its consent. Pennhurst State
18 School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045
19 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983.
20 Defendant State of Arizona will therefore be dismissed.

21 **Failure to State a Claim**

22 Plaintiff's complaint seeking damages for wrongful prosecution is also premature
23 because his conviction has never been reversed, expunged or otherwise invalidated. The
24 Supreme Court has held:

25 > [I]n order to recover damages for allegedly unconstitutional conviction or
26 > imprisonment, or for other harm caused by actions whose unlawfulness
27 > would render a conviction or sentence invalid, a . . . plaintiff must prove that
28 > the conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ

of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable[.]

<u>Heck v. Humphrey</u>, 512 U.S. 477, 486-7 (1994) (emphasis in original) (footnote omitted).

Therefore, when a state prisoner seeks damages in a suit alleging an unconstitutional conviction or imprisonment, the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. <u>Id.</u> If it does, the complaint must be dismissed if the conviction or sentence has not already been invalidated. In this case, Plaintiff explicitly alleges both that his conviction was invalid and that it has not been overturned, reversed, or declared invalid. Accordingly, Plaintiff's claims must be dismissed.

To the extent that Plaintiff seeks the invalidation of his sentence, or any relief which would result in immediate or speedier release, his exclusive remedy is a petition for habeas corpus.[1] <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-90 (1973).

**<u>Dismissal Without Leave to Amend</u>**

Because the Court is convinced that the deficiencies in the Complaint cannot be cured by amendment, <u>see</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (<u>citing</u> <u>Broughton v. Cutter Lab</u>, 622 F.2d 458, 460 (9th Cir. 1980)), the Court's dismissal of the Complaint will be without leave to amend, and the Court will order that the action be dismissed and judgment entered.

**<u>Motions</u>**

As all of the pending motions in this case were filed before the Court completed

---

[1] Plaintiff should note that a prisoner attacking his state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>Szeto v. Rushen</u>, 709 F.2d 1340 (9th Cir. 1983). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. <u>Rose</u>, 455 U.S. at 521-22. "[E]xcept in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." <u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999). The failure to exhaust subjects a habeas petitioner to dismissal. <u>Gutierrez v. Griggs</u>, 695 F.2d 1195 (9th Cir. 1983).

1  statutory screening of Plaintiff's Complaint, these motions are premature and, in light of the
2  Court's dismissal, are moot. These motions will be denied as moot.
3      **IT IS THEREFORE ORDERED** as follows:
4      (1) The Order entered in this case on March 23, 2005 (Doc. #12) is VACATED;
5      (2) The Complaint and this action are DISMISSED WITHOUT LEAVE TO AMEND,
6  for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1),(2), and the Clerk of Court
7  shall enter judgment accordingly;
8      (3) The Clerk of Court shall make an entry on the docket in this matter indicating that
9  the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g); and
10     (4) The following motions are **DENIED AS MOOT**:
11       (a) Plaintiff's March 10, 2005 Motion for Default Judgment (Doc. #8),
12       (b) Defendants' March 31, 2005 Motion to Dismiss (Doc. #15),
13       (c) Defendants' April 5, 2005 Motion to Dismiss (Doc. #16),
14       (d) Plaintiff's June 21, 2005 Motion for Default Judgment (Doc #20),
15       (e) Defendants' October 24, 2005 Motion to Strike (Doc. #23), and
16       (f) Plaintiff's November 3, 2005 Motion for Default Judgment (Doc. #24).
17     DATED this 16th day of November, 2005.

*[signature]*
David G. Campbell
United States District Judge